UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **JEFFREY B. HAGOPIAN,** ) | |
|        **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO.** |
| ) | |
| **MASSACHUSETTS MARITIME ACADEMY,** ) | |
| **and CHRISTOPHER SLATTERY, individually** ) | |
| **and in his capacity as Chief of Police of** ) | |
| **Massachusetts Maritime Academy, FRANCIS** ) | |
| **McDONALD, Individually and in his capacity as** ) | |
| **President of Massachusetts Maritime Academy,** ) | |
| **And JESSICA WATERS, individually and in** ) | |
| **Her capacity as Chairwoman of the Board of** ) | |
| **Trustees of Massachusetts Maritime Academy,** ) | |
| ) | |
|        **Defendants.** ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT, JURY DEMAND
AND APPLICATION FOR PRELIMINARY INJUNCTION**

### Introduction

Plaintiff, Jeffrey B. Hagopian ("Hagopian") commences this civil rights action against The Massachusetts Maritime Academy ("MMA"), Christopher Slattery, individually and in his capacity as the Chief of Campus Police for MMA ("Slattery"), Admiral Francis McDonald ("McDonald"), individually and in his capacity as President of MMA, and Jessica Waters, individually and in her capacity as the Chairwoman of the Board of Trustees of MMA ("Waters" and collectively with MMA, Slattery and McDonald referred to as the "Defendants"). Hagopian seeks both preliminary and permanent injunctive relief and monetary damages.

Hagopian claims that the Defendants violated his United States and Massachusetts constitutional and statutory due process and substantive rights. The Defendants, acting in concert

and/or individually, caused Hagopian to be served with a "No Trespass Order" in order to restrict Hagopian from exercising his rights to free speech and to retaliate against him for having criticized MMA from time to time in writing and at public forums. Abusing the power vested in Slattery as Chief of Police of MMA, the Defendants took actions to restrict Hagopian from having any access to any functions or any physical presence at MMA, a public institution, or to be able to express his viewpoints relating to questionable policies followed by MMA. By preventing Hagopian from being allowed to enter any MMA property or vessel, the Defendants have effectively placed a prior restraint on Hagopian's rights to free speech and have used threats, coercion and/or intimidation by issuance of the No Trespass Order subjecting Hagopian to arrest and/or fines.

The Defendants have refused to revoke the No Trespass Order, failed to provide Hagopian with any right to a hearing to challenge the actions taken against him, endorsed and/or assisted Slattery in the issuance of the No Trespass Order knowing that Slattery did not conduct a fair investigation, never interviewed Hagopian about the underlying events, and turned a blind eye to Hagopian's separate request that action be taken against MMA Board of Trustees Member Geoffrey Wilkinson for threatening Hagopian while on MMA property. The No Trespass Order threatens Hagopian with immediate arrest and/or risk of criminal fines if he appeared on any of MMA's land, buildings, ships or vessels. The No Trespass Order was issued in retaliation for Hagopian's exercise of his right to freedom of expression and other constitutionally protected rights.

Hagopian seeks monetary damages and an injunction preventing any enforcement against him of the Notice of Trespass Order dated September 10, 2021 issued by Slattery pursuant to Massachusetts General Laws Chapter 266, Section 120 (the "No Trespass Order"). Hagopian requests this Court to declare and determine that the issuance of the No Trespass Order was invalid and that the Defendants, jointly and/or severally, violated Hagopian's procedural and substantive

due process rights under 42 U.S.C. Section 1983, the First Amendment to the United States Constitution, and Massachusetts General Laws c. 12, Section 11H-11J.

For his Complaint in this action, Hagopian respectfully states as follows:

### The Parties

1. Plaintiff, Jeffrey B. Hagopian ("Hagopian"), is a resident of Naples, Florida.

2. Defendant, Massachusetts Maritime Academy ("MMA") is a Commonwealth of Massachusetts public college located at 101 Academy Drive, Buzzards Bay, Bourne, Massachusetts. It is a public institution established under the laws of the Commonwealth of Massachusetts.

3. Defendant, Christopher Slattery ("Slattery") is the current Chief of Police at MMA with a principal office located at 101 Academy Drive, Buzzards Bay, Bourne, Massachusetts and upon information and belief is a resident of Massachusetts. Slattery is sued on his official capacity for declaratory and injunctive relief and in his individual capacity for damages.

4. Defendant, Admiral Francis McDonald ("McDonald") is the current President of MMA with a principal office located at 101 Academy Drive, Buzzards Bay, Bourne, Massachusetts and upon information and belief is a resident of Massachusetts. McDonald is sued on his official capacity for declaratory and injunctive relief and in his individual capacity for damages.

5. Defendant, Jessica Waters ("Waters") is the current Chairwoman of MMA's Board of Trustees and upon information and belief is a resident of Rhode Island. Waters is sued in her official capacity for declaratory and injunctive relief and in her individual capacity for damages.

### Venue & Jurisdiction

6. This action is brought pursuant to 42 U.S.C. Section 1983, the First Amendment to the United States Constitution, the Massachusetts Civil Rights Act, G.L. c. 12 Sections 11H-11J,

and Massachusetts common law.  Jurisdiction is provided by 28 U.S.C. Sections 1331 and 1343 for all federal claims, and 28 U.S.C. Section 1367 which provides supplemental jurisdiction over the state law claims.

7. Venue properly lie with this Court pursuant to 28 U.S.C. 1391(b) because the events giving rise to these claims occurred in this district.

**Factual Allegations**

8. MMA is a state public university/college whose grounds and buildings are generally considered government property open to the public and to which the public enjoys privileged access to its events, meetings, and other social and educational programs and functions.

9. McDonald, Slattery and Waters at all times material hereto acted under color of state law.

10. Hagopian is a 1988 graduate and alumnus of MMA, having been awarded a Bachelor of Science in Marine Transportation from MMA.  Hagopian holds a United States Coast Guard License as a Master of Ocean Steam or Motor Vessels of Any Gross Tons and O.I.M. of Surface MODUs on location and underway along with numerous other certifications.

11. Presently, and for the past five years, Hagopian has been a training instructor at the U.S. Navy Surface Warfare Officers School providing instruction, training and teaching to U.S. Naval Officers in various subject matters including, but not limited to, the handling and safe navigation of the various classes of the U.S. Navy's surface combatant fleet. Hagopian has more than twenty-five (25) years' experience as a U.S. Coast Guard Licensed Deck Officer on various types of vessels and ships. Hagopian has many years experience as a vessels Captain. In addition, Hagopian is presently retained as a maritime expert witness for five different pending

cases. Hagopian has also contributed to a publication on maritime safety and has and continues to work with the U.S. Coast Guard in the improvement of safety culture in the maritime industry.

12. On September 9, 2021, Hagopian attended a presentation at Admiral's Hall on the MMA Campus being held from 7:00 pm through 9:00 p.m.

13. When the presentation concluded, there was a gathering for socializing with other attendees including, without limitation, members of the MMA Board of Trustees. Hagopian engaged in a conversation with MMA Board of Trustee Member and MMA Foundation Board Member, Geoffrey Wilkinson ("Wilkinson") at that time.

14. During the course of his conversation with Wilkinson, reference was made to a prior public meeting of the MMA Board of Trustees meeting held on December 6, 2019 as well as prior correspondence sent by Hagopian to MMA's Board in July, 2019 wherein he expressed his viewpoint and criticized certain policies, procedures and actions by MMA.

15. Hagopian attended that December 6, 2019 meeting and made comments during the Public Comment portion of the MMA Board of Trustees meeting.  Hagopian's address to the Board of Trustees on December 6, 2019 was subsequent to an "open letter" he had sent the Board in July 2019. The Board of Trustees took no action on Hagopian's requests or comments at the December 6, 2019 meeting and took such matters under advisement.

16. After reviewing the minutes of the December 2019 meeting, Hagopian challenged the accuracy of the minutes as reflecting what took place or was discussed at the December 2019 meeting.  Specifically, Hagopian contended that the minutes of the Board of Trustees meeting, as it pertained to his comments, were a knowing, willful false and inaccurate misrepresentation of his statements. Hagopian contends this was a deliberate act to protect a "corporate partner" of MMA. In addition, it was also done to protect a corporate executive of the this "corporate

partner" of MMA who happens to be a member of the MMA Foundation Board along with Wilkinson. This individual is also a MMA graduate from the class of 1989.

17. At the September 9, 2021 meeting, Wilkinson and Hagopian discussed what had previously taken place. Hagopian expressed his disappointment to Wilkinson that he was falsely represented in the minutes of the December 6, 2019 meeting.

18. Wilkinson threatened Hagopian and stated words to the effect that "if [Hagopian] keeps pushing this, things are not going to end well for [Hagopian] you" in an attempt to coerce and intimidate Hagopian from expressing his criticism of MMA and its Board.

19. In a letter dated September 13, 2021, Wilkinson sent a letter to McDonald and Waters containing several false accusations against Hagopian.

20. Wilkinson's letter was sent after Slattery issued a Notice of Trespass Order to Hagopian on September 10, 2021 (the "No Trespass Order").

21. A true, accurate and complete copy of the No Trespass Order is attached hereto and incorporated herein by reference as Exhibit A which also included a copy of G.L. Chapter 266, Section 120.

22. On September 15, 2021, Hagopian received the No Trespass Order as well as the statute supplied by MMA's Chief of Police. The No Trespass Order threatened Hagopian with immediate risk of arrest and/or fines if he attended or entered upon any MMA property or vessel for any reason whatsoever.

23. On September 16, 2021, after having received and reviewed the No Trespass Order, Hagopian sent two (2) emails to Slattery.

6

24. The first email acknowledged receipt of the No Trespass and included a request by Hagopian to Slattery as the basis or reasons why the No Trespass Order was issued. See Exhibit B hereto.

25. Hagopian's second email to Slattery that day requested that Slattery as the MMA Chief of Police commence an investigation into the events that took place at the MMA event on September 9, 2021 relating to the threats made by Wilkinson against Hagopian. See Exhibit C hereto.

26. No response was made to Hagopian by MMA or Slattery.

27. On September 30, 2021, Hagopian sent an email to Slattery requesting why no response had been made to Hagopian's prior requests. A true, accurate and complete copy of the September 30, 2021 email is attached hereto as Exhibit D.

28. Having received no response whatsoever and while still under threat of immediate arrest based on the No Trespass Order, Hagopian submitted to MMA a Public Record Request on October 1, 2021 seeking any and all documentation pertaining to the No Trespass Order.

29. MMA produced its response to the October 1, 2021 request on October 6, 2021 and included six (6) attachments with its response.

30. A true, accurate and complete copy of the October 6, 2021 response and its attachments are collectively attached hereto as Exhibit E.

31. None of the documents provided with the October 6th response included any reference or mention of any type of investigation by MMA Police relating to the facts upon which the No Trespass Order was based as of the date of its issuance.

32. Having received no substantive response from MMA or Slattery, Hagopian sent a written request on November 3, 2021 to the Defendants again seeking the factual basis providing

good cause for any No Trespass Order to have issued and requesting a formal response on or by November 20, 2021.

33. A true, accurate and complete copy of the November 3, 2021 letter is attached hereto as <u>Exhibit F</u>.

34. Again, no response was made by any of the Defendants.

35. Hagopian remains subject to the No Trespass Order without explanation and has been given no reply to his own request that MMA's Police investigate the threat made to him by Wilkinson on MMA grounds.

36. Hagopian is precluded without legal or factual basis to enter upon public property because he had previously expressed his opinions in writing and at a public open forum in 2019 as set forth above and again in his conversation with Wilkinson at the September 2021 event.

37. Slattery without justification did not follow any protocol for a fair investigation, never interviewed Hagopian, refused to provide any factual support for the issuance of the No Trespass Order, and issued the No Trespass Order in an arbitrary, capricious and whimsical manner in violation of Hagopian's rights.

38. McDonald and Waters, individually and in the respective positions of authority to set policy and procedures at MMA, failed to take any corrective action to revoke the No Trespass Order or to provide any reasonable basis for upholding Slattery's determination and for the purpose of preventing Hagopian from being able to appear at any forum or function at MMA to prevent Hagopian from expressing his viewpoint.

39. Hagopian has suffered and continues to suffer harm and damages. The mere issuance of the No Trespass Order impugns his reputation and character, prevents him from exercising his rights to be on public grounds, places him in threat of arrest without justification, and

violates his basic civil liberties.  The No Trespass Order is in effect a prior restraint on Hagopian's right to free speech and assembly.

## COUNT ONE
### (Violation of Massachusetts Civil Rights Act -M.G.L. c. 12 §§ 11H & I)

40. Hagopian repeats and incorporates by reference herein each of the allegations and assertions contained in paragraphs 1 through 39 hereinabove as if fully set forth herein.

41. There is an ongoing controversy between Hagopian and the Defendants relating to the No Trespass Order and whether there is any basis, legally or factually, for any such order to have issued in the first place.

42. There is an actual controversy between the parties that requires the No Trespass Order to be declared void ab initio and for this Court to enter a decree declaring or determining that the No Trespass Order is invalid.

43. By their actions and omissions to act as set forth above, the Defendants have jointly and/or severally violated Hagopian's procedural and substantive due process rights in violation of both states and federal law. Defendants have violated the Massachusetts Civil Rights Acts ("MCRA") by their interference and attempts to interfere with Hagopian's exercise or enjoyment of rights secured by the United States Constitution, laws of the United States, the Massachusetts Constitution, or laws of the Commonwealth through threats, intimidation or coercion.

44. Defendants, acting under color of state law, have jointly and/or severally precluded or deprived Hagopian from the free exercise of his right to enjoy life, liberty and free speech by, among other things, placing him under the immediate threat of arrest and/or fines

without any opportunity to be heard and without any factual basis to support the No Trespass Order.

45. Defendants, acting under color of state law, have jointly and/or severally denied Hagopian from any opportunity to be heard, failed to provide any facts to justify the issuance of the No Trespass Order, failed and refused to require Slattery to revoke the No Trespass Order, denied Hagopian from being present on any portion of MMA property or vessels, and have unfairly created a prior restraint on Hagopian's rights to free speech and enjoyment of basic civil liberties.

46. Defendants, acting under color of state law, have jointly and/or severally attempted to coerce, intimidate and/or threaten Hagopian by causing or permitting the No Trespass Order to be issued and/or refusing or failing to revoke it while placing Hagopian under an immediate and present threat of arrest and/or fines without any opportunity to be heard and without any factual basis to support the No Trespass Order.

47. Defendants, jointly and/or severally, purposefully interfered with Hagopian's exercise or enjoyment of his rights secured by the U.S. Constitution and the laws of the United States and/or Commonwealth of Massachusetts by intentionally putting Hagopian under pressure or to be apprehensive of being placed under arrest, putting Hagopian in fear for the purpose of compelling him to deter from making any further criticism or complaint against MMA policies, procedures and/or conduct, and constraining Hagopian against his will from being able to appear at MMA and be allowed to express himself by the use of force in the form of the use of the No Trespass Order.

48. As set forth above, Hagopian has been damaged by Slattery, McDonald and Waters, each individually, and Hagopian is entitled to recover monetary damages against each of them, individually, as determined by the trier of fact.

49. As set forth above, Hagopian seeks injunctive relief against MMA and the Defendants in their official capacities as described hereinabove, precluding any enforcement of the No Trespass Order and compelling them to take action in the form of an official investigation of Wilkinson as set forth in Hagopian's written request to MMA.

**COUNT TWO**
**(42 U.S.C. Section 1983 Claim – Violation of Plaintiff's**
**First Amendment Rights and Article 16 Rights)**
(against all defendants)

50. Hagopian repeats and incorporates by reference herein each of the allegations and assertions contained in paragraphs 1 through 49 hereinabove as if fully set forth herein.

51. The Defendants, jointly and/or severally, in their individual capacities and in their official capacities at MMA, knowingly and/or purposefully violated Hagopian's rights as set forth above including without limitation affording Hagopian any right to a hearing, using the No Trespass Order as a means to prevent Hagopian from expressing his opinions or views, refusing to revoke or cause the revocation of the No Trespass Order, failing to investigate the basis for the issuance of the order, and by other acts and omissions to act.

52. As set forth above, Hagopian has been damaged by Slattery, McDonald and Waters, each individually, and Hagopian is entitled to recover monetary damages against each of them, individually, as determined by the trier of fact.

53. As set forth above, Hagopian seeks injunctive relief against MMA and the Defendants in their official capacities as described hereinabove, precluding any enforcement of the No Trespass Order, declaring the No Trespass Order void ab initio, and enjoining the Defendants from any further use of coercion, threats or intimidation against Hagopian.

## COUNT THREE
### (Declaratory Relief)

54. Hagopian repeats and incorporates by reference herein each of the allegations and assertions contained in paragraphs 1 through 53 hereinabove as if fully set forth herein.

55. There is an ongoing controversy between Hagopian and the Defendants relating to the No Trespass Order and whether there was or is any basis, legally or factually, for any such order to have issued in the first place.

## COUNT FOUR
### (Violations of Due Process Rights)

56. Hagopian repeats and incorporates by reference herein each of the allegations and assertions contained in paragraphs 1 through 55 hereinabove as if fully set forth herein.

57. Hagopian has been deprived of his rights of liberty to be free from threat of unwarranted arrest or fines, to appear on public property, and to exercise his freedom of speech, without any due process by the Defendants, jointly and/or severally, and Hagopian has no available remedies to cause the Defendants from further violating his rights and being freed from immediate arrest or risk of being find.

58. Hagopian has been denied the right to travel upon MMA's property and/or vessels without any opportunity to be heard.

59. As set forth above, the Defendants, jointly and/or severally, in their individual capacities and official capacities, have deprived Hagopian of his rights to due process relating to his claims under the U.S. Constitution, Massachusetts Constitution, Massachusetts Civil Rights Act and 42 U.S.C. Section 1983.

60. As a result thereof, Hagopian is entitled to monetary damages against Slattery, McDonald and Waters, individually.

61. As a result thereof, Hagopian is also entitled to an injunction compelling MMA and the individuals acting in their official capacities, to revoke the No Trespass Order, and to cease and desist from taking any other actions to deprive Hagopian from exercising his rights as set forth above.

62. As set forth hereinabove, Hagopian is likely to succeed on the merits of his claims that his procedural due process and substantive due process rights have been violated and continue to be violated by the Defendants, jointly and/or severally.

63. Without an injunction temporarily and preliminarily prohibiting the enforcement of the No Trespass Order against him, Hagopian is suffering a loss of rights that cannot be vindicated should he prevail after a full hearing on the merits because he is prevented from the present enjoyment or attendance at any MMA event or function on MMA's property, vessels or or ships, and/or because the mere existence of the No Trespass Order may interfere with his selection by third parties to retain him as an expert.

64. The balance of the risk of irreparable harm to Hagopian is substantially greater by the continuation of the No Trespass Order in contrast to the minimal, if any, harm to the Defendants if the order is vacated. The risk of irreparable harm tips decidedly in favor of Hagopian.

65. The public interest is served by issuing the requested relief by Hagopian. Public officials should not be permitted to set aside fundamental civil liberties and issue threats of immediate arrest without providing any opportunity for a hearing, and abusing their power and authority in a discriminatory and selective manner without justification or any notion of fairness.

## PRAYER FOR RELIEF

**WHEREFORE**, Hagopian prays that this Court:

(a) grant a hearing on Hagopian's application for a preliminary injunction under each Count of this Complaint;

(b) after a hearing, issue an order prohibiting the Defendants from any enforcement of the No Trespass Order until such time as there is a trial on the merits of this case;

(c) declare and determine that Hagopian's procedural and substantive due process civil rights have been violated by the Defendants, jointly and/or severally;

(d) declare and determine that the issuance of the No Trespass Order was void ab initio and that no such Order should have issued;

(e) preclude the Defendants from any further enforcement of the No Trespass Order against Hagopian or to otherwise take action against him to interfere, deny or restrain Hagopian's rights to enter upon MMA property, buildings, vessels and/or ships;

(f) award damages in favor of Hagopian against each of McDonald, Slattery and/or Waters, individually, as determined by the trier of fact;

(g) award Hagopian all costs, fees and expenses including without limitation attorneys' fees, against the Defendants, jointly and/or severally; and

(h)     grant such other and further relief as this Court deems just and proper.

           Respectfully submitted,

           **JEFFREY B. HAGOPIAN**
           By its attorneys,


           /s/ *Douglas E. Hausler*
           DOUGLAS E. HAUSLER, ESQ.
           BBO #548980
           Lampert, Hausler & Rodman, P.C.
           Ten North Road
           Chelmsford, MA  01824
           (978) 256-6080
           dhausler@lhrlaw.com

Dated:  December 23, 2021