UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

```
*******************************************
JEFFREY B. HAGOPIAN,                       )
            Plaintiff,                     )
                                           )
v.                                         )     CIVIL ACTION NO.
                                           )
MASSACHUSETTS MARITIME ACADEMY,            )
and CHRISTOPHER SLATTERY, individually     )
and in his capacity as Chief of Police of  )
Massachusetts Maritime Academy, FRANCIS    )
McDONALD, Individually and in his capacity as )
President of Massachusetts Maritime Academy, )
And JESSICA WATERS, individually and in    )
Her capacity as Chairwoman of the Board of )
Trustees of Massachusetts Maritime Academy,)
                                           )
            Defendants.                    )
*******************************************
```

## AFFIDAVIT OF JEFFREY B. HAGOPIAN

### Introduction

I, Jeffrey B. Hagopian, on oath, depose and state as follows:

1. I am the Plaintiff in this civil action. This affidavit is based upon my personal knowledge and my review of documents, letters and emails relating to the subject matters identified in the Complaint filed in this case, unless otherwise stated.

2. I am bringing claims for violations of my federal and state rights and for an injunction against The Massachusetts Maritime Academy ("MMA"), Christopher Slattery, individually and in his capacity as the Chief of Campus Police for MMA ("Slattery"), Admiral Francis McDonald ("McDonald"), individually and in his capacity as President of MMA, and

Jessica Waters, individually and in her capacity as the Chairwoman of the Board of Trustees of MMA ("Waters" and collectively with MMA, Slattery and McDonald referred to as the "Defendants").

3. I am seeking both preliminary and permanent injunctive relief and monetary damages.

4. The Defendants violated my United States and Massachusetts constitutional and statutory due process and substantive rights. Acting in concert and/or individually, they caused me to be served with a "No Trespass Order" dated September 10, 2021 in order to restrict me from exercising my rights to free speech and to retaliate against me for criticizing MMA from time to time in writing and at public forums. Slattery abused his authority as Chief of Police of MMA, and with the other Defendants took actions to restrict me from having the right to attend any academic, social, or sport functions or to be physically present at MMA, a public institution at any public event there. This was designed to suppress me from expressing my viewpoints relating to questionable policies followed by MMA. By preventing me from being allowed to enter any MMA property or vessel, the Defendants have effectively placed a prior restraint on my rights to free speech and have used that Order and the risk of being arrested or fined to threaten, intimidate and coerce me.

5. The Defendants have refused to revoke the No Trespass Order. They failed to provide me with any opportunity to have a hearing to challenge the actions taken against me. The Defendants endorsed and/or assisted Slattery in the issuance of the No Trespass Order knowing that Slattery did not conduct a fair investigation, never interviewed me about the underlying events, and turned a blind eye to my separate request that action be taken against MMA Board of Trustees Member Geoffrey Wilkinson for threatening me while on MMA property.

6. The No Trespass Order threatens me with immediate arrest and/or risk of criminal fines if I appear on any of MMA's land, buildings, ships or vessels. In my view, the No Trespass Order was issued in retaliation for my exercise of the right to freedom of expression and other constitutionally protected rights.

7. Slattery issued the Notice of Trespass Order pursuant to Massachusetts General Laws Chapter 266, Section 120 on September 10, 2021 (the "No Trespass Order").

8. I ask this Court to declare and determine that the issuance of the No Trespass Order was invalid and that the Defendants, jointly and/or severally, violated procedural and substantive due process rights under 42 U.S.C. Section 1983, the First Amendment to the United States Constitution, and Massachusetts General Laws c. 12, Section 11H-11J.

9. MMA is a state public university/college whose grounds and buildings are generally considered government property open to the public and to which I and the general public enjoy privileged access to its events, meetings, and other social and educational programs and functions.

10. I am a 1988 graduate and alumnus of MMA, having been awarded a Bachelor of Science in Marine Transportation from MMA. I hold a United States Coast Guard License as a Master of Ocean Steam or Motor Vessels of Any Gross Tons and O.I.M. of Surface MODUs on location and underway along with numerous other certifications. Presently, and for the past five years, I have been a training instructor at the U.S. Navy Surface Warfare Officers School providing instruction, training and teaching to U.S. Naval Officers in various subject matters including, but not limited to, the handling and safe navigation of the various classes of the U.S. Navy's surface combatant fleet. I have more than twenty-five (25) years' experience as a U.S. Coast Guard Licensed Deck Officer on various types of vessels and ships. I also have many years' experience as a vessels Captain.

11. In addition, I have been retained as a maritime expert witness for five different pending cases. I has also contributed to a publication on maritime safety and continue to work with the U.S. Coast Guard in the improvement of safety culture in the maritime industry.

12. On September 9, 2021, I attended a presentation at Admiral's Hall on the MMA Campus held from 7:00 pm through 9:00 p.m. When the presentation concluded, there was a gathering for socializing with other attendees including, without limitation, members of the MMA Board of Trustees. I engaged in a conversation with MMA Board of Trustee Member and MMA Foundation Board Member, Geoffrey Wilkinson ("Wilkinson") at that time.

13. During the course of his conversation with Wilkinson, reference was made to a prior public meeting of the MMA Board of Trustees meeting held on December 6, 2019, as well as prior correspondence sent by me to MMA's Board in July 2019 wherein I expressed my views and criticized certain policies, procedures and actions by MMA.

14. I had also attended a December 6, 2019, meeting and made comments during the Public Comment portion of the MMA Board of Trustees meeting. That address to the Board of Trustees on December 6, 2019, was subsequent to an "open letter" that I had sent the Board in July 2019. The Board of Trustees took no action on my requests or comments at the December 6, 2019, meeting and took such matters under advisement.

15. After reviewing the minutes of the December 2019 meeting, I challenged their accuracy. Those minutes did not reflect what took place or was discussed at the December 2019 meeting. Specifically, I contended that the minutes of the Board of Trustees meeting, as it pertained to my comments, were a knowing and willful false and inaccurate misrepresentation of my statements and was a deliberate act to protect a "corporate partner" of MMA.

16. In addition, it was done to protect a corporate executive of the this "corporate partner" of MMA who happens to be a member of the MMA Foundation Board along with Wilkinson. This individual is also an MMA graduate from the class of 1989.

17. At the September 9, 2021, meeting, Wilkinson and I discussed what had previously taken place. I expressed disappointment to Wilkinson that I was falsely represented in the minutes of the December 6, 2019, meeting.

18. Wilkinson threatened me. He used words to the effect that "if [I] keep pushing this, things are not going to end well for [me]" in an attempt to threaten, coerce and intimidate me from expressing my opinions or criticism of MMA and its Board.

19. On September 13, 2021, Wilkinson sent a letter to McDonald and Waters containing several false accusations against me. Wilkinson's letter was sent after Slattery issued a Notice of Trespass Order to Hagopian on September 10, 2021. A true, accurate and complete copy of the No Trespass Order is attached to the Complaint as Exhibit A which also included a copy of G.L. Chapter 266, Section 120.

20. On September 15, 2021, I received the No Trespass Order as well as the statute supplied by MMA's Chief of Police. The No Trespass Order threatened me with immediate risk of arrest and/or fines if I attended or entered upon any MMA property or vessel for any reason whatsoever.

21. On September 16, 2021, after having received and reviewed the No Trespass Order, I sent two (2) emails to Slattery. The first email acknowledged receipt of the No Trespass and included a request by me to Slattery as the basis or reasons why the No Trespass Order was issued.

22. My second email to Slattery that day requested that Slattery as the MMA Chief of Police commence an investigation into the events that took place at the MMA event on September 9, 2021, relating to the threats made by Wilkinson against me. These emails are attached to the Complaint.

23. No response was made to me by MMA or Slattery.

24. On September 30, 2021, I sent an email to Slattery requesting why no response had been made to my prior requests. A true, accurate and complete copy of the September 30, 2021, email is attached to the Complaint.

25. Having received no response whatsoever and while still under threat of immediate arrest based on the No Trespass Order, I submitted to MMA a Public Record Request on October 1, 2021, seeking any and all documentation pertaining to the No Trespass Order.

26. MMA produced its response to the October 1, 2021, request on October 6, 2021, and included six (6) attachments with its response. A true, accurate and complete copy of the October 6, 2021, response and its attachments are collectively attached to the Complaint.

27. I have reviewed those documents and none of the documents provided with the October 6th response included any reference or mention of any type of investigation by MMA Police relating to the facts upon which the No Trespass Order was based as of the date of its issuance.

28. Having received no substantive response from MMA or Slattery, I sent a written request on November 3, 2021, to the Defendants again seeking the factual basis providing good cause for any No Trespass Order to have issued and requesting a formal response on or by

November 20, 2021. A true, accurate and complete copy of the November 3, 2021, letter is attached to the Complaint. Again, no response was made by any of the Defendants.

29. I remain subject to the No Trespass Order without explanation and no reply has been given to my own request that MMA's Police investigate the threat made to me by Wilkinson on MMA grounds.

30. I am precluded without legal or factual basis to enter upon MMA public property because I had previously expressed opinions in writing and at a public open forum in 2019 as set forth above and again in my conversation with Wilkinson at the September 2021 event.

31. I have been provided with no information or documents that Slattery followed any protocol for a fair investigation. I was never interviewed. MMA and Slattery refused to provide any factual support for the issuance of the No Trespass Order, and all of the Defendants were made aware that the No Trespass Order was issued in an arbitrary, capricious and whimsical manner in violation of my rights.

32. To my knowledge, McDonald and Waters, individually and in their respective positions of authority, failed to take any corrective action to revoke the No Trespass Order or to provide any reasonable basis for upholding Slattery's determination and for the purpose of preventing me from being able to appear at any forum or function at MMA to prevent me from expressing my viewpoints.

33. I have been harmed and damaged. The mere issuance of the No Trespass Order impugns my reputation and character, prevents me from exercising my rights to be on public

grounds, places me in threat of arrest without justification, and violates my basic civil liberties. The No Trespass Order is in effect a prior restraint on my right to free speech and assembly.

34. The Defendants are intentionally putting me under pressure or to be apprehensive of being placed under arrest for the purpose of compelling me to deter from making any further criticism or complaint against MMA policies, procedures and/or conduct, and constraining me against my will from being able to appear at MMA or to be allowed to express myself by the use of force in the form of the use of the No Trespass Order.

35. Without an injunction temporarily and preliminarily prohibiting the enforcement of the No Trespass Order against him, I am suffering a loss of rights that cannot be vindicated should I prevail after a full hearing on the merits because I am presently prevented from the enjoyment or attendance at any MMA event or function on MMA's property, vessels or ships, and/or because the mere existence of the No Trespass Order may interfere with my selection by third parties to retain me as an expert.

Signed under the pains and penalties of perjury this 20th day of December 2021.

_Jeffrey B. Hagopian_
JEFFREY B. HAGOPIAN